UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                      CASE NO: 2:10-cr-48-FtM-38CM

NELSON CRISTIANO MACHADO, JR.

## ORDER[1]

This matter comes before the Court on Defendant Nelson Cristiano Machado's Motion for New Trial (Doc. #84) filed on June 30, 2016.   The Government filed a Response in Opposition (Doc. #85) on July 14, 2016.   For the reasons set forth herein, the motion is denied.

## BACKGROUND

Defendant engaged in a real estate scheme to defraud mortgage lenders.   As part of that scheme, he made false representations on loan applications that the mortgage lender relied upon to approve mortgage loans.   As part of his defense, Defendant argued, among other things, that he was a victim of a larger fraudulent scheme perpetrated by Transatlantic Mortgage Lending Group, Inc., his mortgage broker company.   Following a four-day trial, a jury found Defendant guilty of wire fraud in violation of 18 U.S.C. § 1343 and 2.   (Doc. #81).   Defendant now moves for a new trial.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.   These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.   Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## LEGAL STANDARD

Rule 33 of the Federal Rules of Criminal Procedure provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."   Fed. R. Crim. P. 33(a).   Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses; however, to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."   *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004).

## DISCUSSION

Defendant argues that he is entitled to a new trial because the Court excluded certain evidence that eviscerated his ability to present a complete defense.   (Doc. #84). Specifically, Defendant maintains that the Court improperly excluded (1) the indictment of Fabricio Monteiro dated September 16, 2009; and (2) documents seized from a server in connection with a search warrant and produced by the Government during discovery. (Doc. #84).   The Court will address each in turn.

**A.    Indictment of Fabricio Monteiro**

At trial, Defendant sought to introduce the indictment of Fabricio Monterio, who worked as a mortgage broker for Transatlantic Mortgage Lending Group.   Defendant maintained that Monterio's indictment furthered a good-faith defense, or, at the very least, showed that Defendant "had been dealing with . . . someone who was involved in mortgage fraud."   (Doc. #84 at 6).   After carefully reviewing Monterio's indictment and considering the parties' arguments, the Court precluded Defendant from introducing the indictment through the Government's case agent as irrelevant.   Defendant challenges that exclusion.   (Doc. #84 at 5-6, 15).

2

Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. District courts have broad discretion in assessing the relevancy of evidence, and "absent a showing that the trial court abused its discretion," the district court's decision will not be disturbed. *See United States v. Flanders*, 752 F.3d 1317, 1334-35 (11th Cir. 2014) (citing *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002)).

As the Court articulated at trial, Monteiro's indictment is irrelevant and unrelated to the charges against Defendant. Monteiro's indictment in no way linked Defendant to Monteiro – they were neither co-defendants nor co-conspirators. Monterio was indicted for fraud in connection with a personal loan that he had taken out, and not for fraud that he committed as a mortgage broker. In other words, Monteiro's indictment did not include allegations of a scheme that he duped individuals like Defendant to commit mortgage fraud. In addition, Monterio's indictment related to acts that occurred after Defendant's acts. The banks, mortgage companies, and title companies identified in Monteiro's indictment differed from those involved in Defendant's case. The fraudulent actions allegedly taken by Monteiro, i.e., overinflating the purchase price, also differed from those against Defendant. At bottom, just because Monteiro was indicted for fraud did not necessarily mean he perpetrated fraud on Defendant. There was no basis for such an inferential leap. That said, although the Court precluded such evidence during the Government's case-in-chief, the Court advised Defendant that if the indictment became relevant at a later point in time, it would re-examine the issue. Defendant presented no other evidence to change the indictment's relevancy.

In short, the Court stands by its prior ruling to preclude the introduction of Monteiro's indictment on relevancy grounds.   Precluding that evidence did not result in a miscarriage of justice to warrant a new trial.

## B.   Documents Seized During Search of Server at Pagestream Corporation

Next, Defendant moves for a new trial on the ground that the Court precluded him from introducing documents that Special Agent Grant Wagner seized from Pagestream Corporation during the execution of a search warrant.   (Doc. #84).   Pagestream maintains electronic documents and acts as a server for third parties.   Transatlantic Mortgage stored documents electronically with Pagestream.   Special Agent Wagner executed a search warrant at Pagestream and seized the documents at issue.

Defendant sought to introduce the seized documents into evidence through Special Agent Wagner.   Defendant initially argued that the documents fell under the residual hearsay exception, Fed. R. Evid. 807.   The Court disagreed.   Defendant then argued that he was not seeking to introduce the documents for the truth of the matter asserted therein, but to show Defendant's state of mind, i.e., that he did not intend to defraud because the signatures on the documents appeared to be forged.   The Court disagreed and precluded Defendant from introducing the hearsay documents.

"Pursuant to the Fifth and Sixth Amendments, a defendant . . . must generally be permitted to introduce evidence pertaining to any elements of the charged offense or an affirmative defense."   *United States v. Abarca*, 402 F. App'x 494, 496 (11th Cir. 2010) (citing *United States v. Hurn*, 368 F.3d 1359, 1362-63 (11th Cir. 2004)).   There is, however, no unfettered right to present incompetent, privileged, or otherwise inadmissible evidence under the rules of evidence.   *See id.* (citing *Taylor v. Illinois*, 484 U.S. 400, 410

(1988)).   Hearsay is a statement that "the declarant does not make while testifying" and is offered by a party into evidence "to prove the truth of the matter asserted in the statement."   Fed. R. Evid. 801(c).   Hearsay is inadmissible unless otherwise provided by the Federal Rules of Evidence.   Fed. R. Evid. 802.

As stated, the Court precluded introduction of the documents seized by Special Agent Wagner from Pagestream as hearsay during trial, and Defendant continues to fall short of establishing an applicable hearsay exception.   In addition, Defendant has not adequately established that he sought to introduce the documents for a purpose other than to prove the truth of the matter asserted.   Defendant was not the declarant of the statements in the documents and could not use them alone as circumstantial evidence of his state of mind.   There was no evidence that these documents were submitted to, received by, and relied upon by the mortgage lender in funding the mortgage loans. Without additional development, the Court cannot find that the seized documents with Defendant's purportedly forged signature should have been admitted to show his state of mind.

Further, and perhaps more importantly, there was no witness from Pagestream to testify to the authenticity of the documents.   Special Agent Wagner would not have been the proper witness to lay the foundation for the admissibility of the documents.

Even if Defendant could overcome the aforementioned evidentiary hurdles, he is still not entitled to a new trial because the exclusion of the documents did not prevent him from presenting a complete defense.   Defendant attempted to introduce these documents to present to the jury that some signatures on documents were allegedly forged.   However, Defendant presented that line of defense when he questioned

witnesses about the signatures on documents that were sent to, received by, and relied upon by the mortgage lender.   Accordingly, the exclusion of the documents seized from Pagestream did not prevent Defendant from presenting a complete defense.

Accordingly, it is

**ORDERED:**

Defendant Nelson Cristiano Machado's Motion for New Trial (Doc. #84) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 28th day of July 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

6